# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38669 (reh)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Brandur G. JENSEN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 March 2017

———————————

*Military Judge:* Matthew S. Ward (original trial); Matthew P. Stoffel (rehearing arraignment); J. Wesley Moore (rehearing).

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, and reduction to E-1. Sentence adjudged 17 February 2016 by GCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Major Mark C. Bruegger, USAF; Major Jeffrey A. Davis, USAF.

*For Appellee:* Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SPERANZA and JOHNSON, *Appellate Military Judges.*

Senior Judge MAYBERRY delivered the opinion of the court, in which Judges SPERANZA and JOHNSON joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

MAYBERRY, Senior Judge:

## I. BACKGROUND

In May 2014, Appellant was convicted in accordance with his pleas and pursuant to a pretrial agreement (PTA) by a military judge sitting alone of one specification of sexual assault of a child and two specifications of attempting to persuade a minor to engage in sexual activity of a criminal nature, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934. The adjudged and approved sentence included a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to E-1.

This court initially affirmed the finding of sexual assault of a child (Charge I), but found Appellant's pleas improvident as to the two specifications of attempting to persuade a minor to engage in sexual activity of a criminal nature (Charge II). Accordingly, this court set aside the conviction of Charge II and the sentence and authorized a rehearing or other action under Rule for Courts-Martial (R.C.M). 1107(e)(1)(B). *United States v. Jensen*, No. ACM 38669, 2015 CCA LEXIS 377 (A.F. Ct. Crim. App. 3 Sep. 2015) (unpub. op.).

On 17 February 2016, a military judge sitting alone convicted Appellant in accordance with his pleas and pursuant to a PTA of one charge and two specifications of attempting to persuade a minor to engage in sexual activity of a criminal nature, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge then sentenced Appellant for this conviction and the previous conviction in violation of Article 120b (Charge I). The adjudged and approved sentence included a bad-conduct discharge, confinement for six months, and reduction to E-1.

Appellant did not raise any error on appeal. After reviewing the record of trial (ROT), this court specified an issue regarding the impact of the erroneous contents of the report of result of trial (RRT), staff judge advocate's recommendation (SJAR), addendum, and personal data sheet (PDS).[1] Appellant's response to the specified issue asserts that the omission of sentence limitations

---

[1] The specified issue was:

IN THE ABSENCE OF ANY OBJECTION BY DEFENSE COUNSEL, DOES:

> THE ABSENCE OF ANY REFERENCE TO CHARGE I AND ITS SPECIFICATIONS AND THE ABSENCE OF ANY MENTION OF CREDIT FOR ANY PORTION OF PUNISHMENT PREVIOUSLY

under R.C.M. 810(d)(1) and the erroneous advice regarding the maximum punishment contained within the SJAR constitute plain error and consequently deprived Appellant of accurate clemency consideration. The Government asserts that the only likely error was the erroneous SJAR statement regarding the maximum punishment and the omission as to the limitation on the sentence as a result of the first trial, but these did not prejudice Appellant.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "If defense counsel does not make a timely comment on an

---

SERVED AS A RESULT OF THE ORIGINAL TRIAL IN THIS CASE IN THE REPORT OF RESULT OF TRIAL;

OMISSION OF CHARGE I AND ITS SPECIFICATIONS, INCLUSION OF AN ERRONEOUS MAXIMUM PUNISHMENT, AND ABSENCE OF ADVICE AS TO THE IMPACT OF THE SENTENCE IMPOSED AT THE ORIGINAL TRIAL ON THE MAXIMUM SENTENCE THAT THE CONVENING AUTHORITY COULD APPROVE IN THE STAFF JUDGE ADVOCATE RECOMMENDATION (SJAR);

THE ABSENCE OF ANY CREDIT FOR CONFINEMENT SERVED AS A RESULT OF THE SENTENCE IMPOSED AT THE ORIGINAL TRIAL ON THE CHARGE SHEET OR THE PERSONAL DATA SHEET OFFERED AT TRIAL AND ATTACHED TO THE SJAR AND ADDENDUM;

INDIVIDUALLY OR CUMULATIVELY CONSTITUTE PLAIN ERROR MATERIALLY PREJUDICIAL TO A SUBSTANTIAL RIGHT OF APPELLANT, AND IF SO, WHAT IF ANY REMEDY SHOULD THIS COURT PROVIDE? *SEE UNITED STATES V. KHO*, 54 M.J. 63, 65 (C.A.A.F. 2000) (FAILURE TO COMMENT IN A TIMELY MANNER ON MATTERS IN THE SJAR, OR ON MATTERS ATTACHED TO THE SJAR, WAIVES ANY LATER CLAIM OF ERROR IN THE ABSENCE OF PLAIN ERROR); *UNITED STATES V. SCALO*, 60 M.J. 435, 436 (C.A.A.F. 2005) (TO PREVAIL UNDER A PLAIN ERROR ANALYSIS, THE APPELLANT BEARS THE BURDEN OF SHOWING THAT: (1) THERE WAS AN ERROR; (2) IT WAS PLAIN OR OBVIOUS; AND (3) THE ERROR MATERIALLY PREJUDICED A SUBSTANTIAL RIGHT); RULE FOR COURTS-MARTIAL 1101(f)(6)).

omission [or error] in the SJAR, the error is waived unless it is prejudicial under a plain error analysis." *United States v. Scalo,* 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *United States v. Kho,* 54 M.J. 63, 65 (C.A.A.F. 2000)). As there was no objection filed by trial defense counsel, under a plain error analysis Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho,* 54 M.J. at 65).

## A. Staff Judge Advocate's Recommendation (SJAR)

The SJAR shall be a concise written communication, setting forth, *inter alia,* the findings, sentence, and confinement credit to be applied; a copy or summary of the PTA; and the staff judge advocate's (SJA's) concise recommendation. R.C.M. 1106(d)(3). The SJAR should also contain the maximum sentence for the guilty specifications/charges as well as any previously approved request for deferral of confinement. Air Force Instruction (AFI) 51-201, *Administration of Military Justice,* ¶ 9.16 (6 Jun. 2013). Before a convening authority may take action on a sentence, he must consider the SJAR. R.C.M 1107(b)(3)(ii); R.C.M. 1107(b)(3)(ii) Discussion.

In the present case, the SJAR: includes an erroneous maximum punishment;[2] does not indicate that the guilty plea was pursuant to a PTA or otherwise summarize the terms of the PTA;[3] does not include the duration of confinement served as a result of the prior hearing in this case;[4] and does not advise the convening authority as to the limitation of what sentence he can approve pursuant to Article 63, UCMJ, 10 U.S.C. § 863, and R.C.M. 810(d). The addendum does not correct these deficiencies. The Government asserts that the only possible error was the erroneous statement of the maximum punishment and the omission of the limitation of the sentence imposed at the original trial on the sentence which the convening authority could approve. We disagree. As listed above, the SJAR and addendum contained plain and obvious errors.

## B. Court Martial Order (CMO)

After taking action under R.C.M. 1107, the convening authority issues an initial promulgating order that publishes the result of the court-martial and

---

[2] The Government pleading mistakenly indicates life in prison was the maximum authorized confinement when in fact it was 50 years.

[3] This information is contained, accurately, in the RRT attached to the SJAR but it is not separately listed pursuant to AFI 51-201, paragraph 9.16 and Figure 9.7.

[4] Neither the charge sheet nor the PDS reflect the duration of confinement served.

the convening authority's action. R.C.M. 1114(a)(2) and (b)(1). The promulgating order must include, *inter alia,* the charges and specifications, or a summary thereof, the findings, the sentence, and the action of the convening authority, or a summary thereof. R.C.M. 1114(c)(1).

AFI 51-201, paragraph 11.14.4. states that the promulgating order must indicate the case is a rehearing and refers to Figure 10.5 for the appropriate language to be included. The CMO in this case does not comply with these requirements.[5]

Here, the CMO does not include the results of the decision of this court affirming the findings of guilt as to Charge I but setting aside the findings of guilt as to Charge II and the sentence, or the fact that a rehearing on Charge II and the sentence was ordered by General Court Martial Order No. 1, Headquarters Second Air Force (AETC), dated 29 October 2015. Additionally, the action does not mention that the adjudged confinement was deferred and it does not state the number of days of confinement previously served, nor does it indicate the dates of confinement to establish the basis of confinement credit. Additionally, the action states "the term of confinement having been served pursuant to the sentence of a previous court-martial . . . ." and this is misleading. The confinement for which Appellant must receive credit is a result of the sentence adjudged at the *former* trial of *this* case.

**C. Prejudice**

The standard for meeting the test of prejudice is low, requiring only "some colorable showing of possible prejudice." *Kho,* 54 M.J. at 65 (quoting *United States v. Wheelus,* 49 M.J. 283, 289 (C.A.A.F. 1998)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo,* 60 M.J. at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

Appellant asserts he was prejudiced by the SJAR's omission of advice to the convening authority of the sentence limitations pursuant to Article 63, UCMJ, and R.C.M. 810(d). Acknowledging that the convening authority was the same individual who had denied him clemency at his original trial, he now asserts that he was denied meaningful clemency consideration due to the fact that the content of his post-rehearing clemency request was different (e.g., financial hardships associated with his recall to active duty and not getting paid

---

[5] The portion of the specified issue concerning the omission of any reference to Charge I in the RRT and SJAR would have been resolved had the CMO in this case contained the language found in AFI 51-201, Figure 10.5.

for over four months, and the character statement provided by his current supervisor regarding his positive attitude and willingness to serve with him) and he was requesting a different form of clemency: disapproval of the discharge or restoration of his rank. Appellant requests this court return the case to the convening authority for new post-trial processing.

The Government submitted affidavits from both the convening authority's SJA and the convening authority. These affidavits do not concede any error, but acknowledge the possibility. They do establish the convening authority's knowledge that the sentence allowable by law was the one actually adjudged at the rehearing and the adjudged confinement was deferred immediately after trial because Appellant had already served his sentence of six months. The SJA pointed out to the convening authority the portion of the ROT where the military judge discussed with Appellant that the maximum sentence that could be approved was that adjudged at the previous hearing (but the articulated maximum omits the adjudged forfeitures in his recitation of that sentence). The convening authority unequivocally states that had the SJAR included this information, his decision to approve the sentence as adjudged would not have changed.

We are mindful that the same convening authority was involved in the referrals, PTAs, and post-trial actions associated with both trials and the deferment of confinement in the second trial. The information provided in the affidavits, but not otherwise contained within the record, allows us to make reasonable inferences of what happened during the post-trial process. We find that Appellant has not met the threshold of establishing a colorable showing of possible prejudice and that we need not return this case for new post-trial processing. However, we are compelled to order a new action and correspondingly a new CMO.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court